**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

**DARYL JEROME HILL**                                                **PLAINTIFF**

**v.**                                 **Case No. 1:13CV00013 KGB**

**STEVE JEFFRIES** *et al*.                                       **DEFENDANTS**

**ORDER**

Plaintiff Daryl Jerome Hill, currently held at the Independence County Detention Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 (Dkt. No. 2), on February 14, 2013. Mr. Hill filed an amended complaint on April 22, 2012 (Dkt. No. 6). Defendants are Independence County Sheriff Steve Jeffries, John Scrbrough of the Independence County Drug Task Force, Stone County Sheriff Chuck Day, and Richard Pickard of the Stone County Drug Task Force.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007) (alteration in original) (quoting 5 Wright & Miller, Federal Practice & Procedure § 1216, at 235-36 (3d. ed. 2004)). A complaint must contain enough facts to state a claim to relief

that is plausible on its face, not merely conceivable. 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002).

## II. Analysis

Although Mr. Hill's complaint is not a model of clarity, it appears from the complaint that Mr. Hill had a January hearing in a state criminal matter and is currently facing felony charges. Mr. Hill seeks monetary and injunctive relief for his allegedly false imprisonment.[1]

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary

---

[1] Mr. Hill has made similar claims in *Hill v. Day et al.*, ED/AR No. 1:13CV00030 and *Hill v. Jefferies et al.*, ED/AR No. 1:13CV00031.

circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is clear from the complaint that Mr. Hill is involved in an ongoing state judicial proceeding in connection with criminal charges. Given that the criminal matter is ongoing, that the state clearly has an important interest in enforcing criminal laws, and that Mr. Hill may raise constitutional challenges in the context of his criminal case, the Court believes it should abstain from entertaining Mr. Hill's constitutional claims. There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Mr. Hill's claims, it must decide whether to dismiss, or to stay, the case. When *Younger* abstention applies in a case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). However, the Eighth Circuit has explained that:

> [w]hen monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

*Stroud*, 179 F.3d at 603-04 (internal citations omitted).

Here, Mr. Hill seeks damages and does not seek a declaration that a state statute is unconstitutional. Accordingly, Mr. Hill's complaint must be stayed and administratively terminated.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk of the Court is directed to stay and administratively terminate this

proceeding pending final disposition of Mr. Hill's criminal charges.

2. All pending motions are DENIED AS MOOT.

3. This case is subject to reopening upon Mr. Hill's filing of a motion to reopen the case after such final disposition of his criminal charges.

DATED this 15th day of October, 2013.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge